**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DEAN C. KIENHOLZ, | No. 10-35280 |
| Petitioner, | D.C. No. 3:08-CV-00040-KI |
| v. | |
| MARK NOOTH, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Submitted October 10, 2012[**]
Portland, Oregon

Before: SILVERMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

Dean Kienholz appeals the district court's denial of his 28 U.S.C. § 2254

habeas petition challenging Oregon convictions arising out of a fatal motor vehicle

accident. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The Oregon court reasonably applied *Miranda v. Arizona*, 384 U.S. 436 (1966), when it held that Kienholz was not in police custody at the hospital emergency room until the police detective arrested him. Custody exists if a reasonable person in the circumstances surrounding the interrogation would "have felt he or she was not at liberty to terminate the interrogation and leave." *Thompson v. Keohane,* 516 U.S. 99, 112 (1995). Although Kienholz was strapped to the hospital bed for treatment of his injuries, this was not done at the instance of the police. It was part and parcel of his emergency treatment. The questioning detective came and went from the room, as did medical personnel. No officer stood guard near the room. The Oregon court's ruling that Kienholz was not in custody until he was placed under arrest is not an unreasonable application of the facts or law.

The statements Kienholz made after he invoked the right to counsel do not run afoul of *Miranda* because he volunteered them; they were not prompted by police questioning. The state court reasonably held that the statements were admissible. *Arizona v. Roberson*, 486 U.S. 675, 680-81 (1988); *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981).

AFFIRMED.